## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| GOSIGER, INC., | : | Case No. 3:13-cv-267 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| ELLIOTT AVIATION, INC., | : | |
| Defendant. | : | |

### ORDER GRANTING DEFENDANT'S
### MOTION TO TRANSFER VENUE (Doc. 6)

This civil action is before the Court on Defendant's Motion to Transfer Venue (Doc. 6) and the parties' responsive memoranda (Docs. 10, 11).

### I. FACTUAL BACKGROUND

This is a dispute arising from aircraft maintenance services that Elliott Aviation, Inc. ("Elliott") provided to Gosiger, Inc. ("Gosiger"). Elliott operates fixed base operation locations in Des Moines, Iowa; Moline, Illinois; and Minneapolis, Minnesota. Gosiger is a distributor of computer numerical control ("CNC") machinery with its headquarters in Dayton, Ohio. Gosiger owns a King Air B200, Serial Number BB-1499, Registration Number N195CA aircraft (the "Aircraft").

Elliott and Gosiger entered into an agreement for Elliott to perform work on Gosiger's Aircraft, which was formally set forth in a document entitled "Specification for Gosiger Inc." (the "Specification Agreement"), dated October 10, 2012. (Doc. 6, Ex. A).

The Specification Agreement set forth the work to be performed, as well as the terms and conditions that applied to the agreement. The work included the removal of the existing avionics equipment and the installation of a Garmin G-1000 avionics suite. The Specification Agreement also called for Elliott to perform the King Air 200 Phase 3 & 4 Inspection per the Hawker Beechcraft King Air 200 Maintenance Manual and Inspection Guide, and to perform the Pratt & Whitney PT6A-42 Engine Hot Section Inspections for the engines installed on the Aircraft. During the period contracted for inspections, a cut was made to the wing spar of the Aircraft.

The Specification Agreement contains the following provision concerning choice-of-law and forum selection:

> The rights and obligations of [Elliott] and [Gosiger] shall be governed and determined by the laws of the State of Iowa and, to the extent applicable, the lien laws of any other jurisdiction in which the work is performed. [Gosiger] hereby submits to the exclusive jurisdiction and service of process of the courts of the State of Iowa and such other jurisdictions in which the work is performed (including federal courts within said states) with respect to any dispute arising out of or in any way related to this Work Authorization, and the work to be performed and payments due there under.

(Doc. 7, Ex. B at 6).

Plaintiff filed suit in Montgomery County, Ohio in an action titled *Gosiger, Inc. v. Elliott Aviation, Inc.*, Case No. 2013-CV-4173. Elliott removed the civil action to this Court on the basis of diversity jurisdiction in accordance with 28 U.S.C § 1332. Gosiger's First Amended Complaint alleges:

5. In November 2012, Elliott was performing routine maintenance and repairs on the Aircraft.

2

6. While performing these repairs, Elliott negligently cut the right hand center wing, main spar.

(Doc. 2 at ¶¶ 6, 7).  However, Gosiger did not allege a breach of contract claim based on the Specification Agreement.  Instead, Gosiger sought enforcement of and relief under a January 8, 2013 settlement agreement entered into between Gosiger and Elliott.  (*Id*. at ¶¶ 13, 16).  In addition to its breach of contract claim as to the settlement agreement, Gosiger brought a negligence/bailment claim alleging Elliott damaged its Aircraft during the period contracted for maintenance and repairs.  In response, Elliott filed a counterclaim asserting a breach of contract claim based on the written terms set forth in the Specification Agreement.  Elliot now seeks to transfer venue to the Southern District of Iowa, Central Division, based on the forum selection clause and choice-of-law provision in the Specification Agreement.

Gosiger argues that its complaint does not seek relief under the Specification Agreement and, therefore, the forum selection clause is inapplicable.  Conversely, Elliott argues that Gosiger cannot circumvent the forum selection clause in the Specification Agreement by ignoring the parties' agreement and re-casting its breach of contract claim as a claim for a tort.

## II.  STANDARD OF REVIEW

Motions to transfer venue are governed by 28 U.S.C. § 1404(a).  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

3

brought." The purpose of the transfer is to "prevent that waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Id.* [1] District courts have wide discretion in deciding motions to transfer. *Id.*

The threshold issue under § 1404(a) is whether the action could be brought in the transferee court. *Jamhour v. Scottsdale Ins. Co.*, 211 F.Supp.2d 941, 945 (S.D. Ohio 2002) (citing *Sky Tech. Partners LLC v. Midwest Research Inst.*, 125 F.Supp.2d 286, 291 (S.D. Ohio 2000)). If a case can be brought in the court, "the issue becomes whether transfer is justified under the balance of the language of § 1404(a)." *Id.* The transfer is justified if:

> a. the transferee court has jurisdiction over the subject matter of the action,
> b. venue is proper in the transferee court, and
> c. the defendants are amenable to process issuing out of the transferee court.

*Id.*

If the threshold consideration is satisfied, the court will weigh case-specific factors to determine whether a transfer is consistent with Section 1404(a). *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988). Several factors influence the Court's § 1404(a) determination: "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness." *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th

---

[1] "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen*, 376 U.S. at 645-46.

4

Cir. 2006) (quoting *Moses v. Bus. Card Exp. Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).[2]  The Court must also give the plaintiff's choice of forum considerable weight, although this factor is not dispositive. *Jamhour*, 211 F.Supp.2d at 946 (citing *Hanning v. New England Mut. Life Ins. Co.*, 710 F.Supp. 213, 214 (S.D. Ohio 1989)). The moving party bears the burden of proving why a court should grant a transfer, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995), and all of the relevant factors "should be strongly in favor of a transfer before such will be granted." *Lewis v. ACB Business Servs., Inc.,* 135 F.3d 389, 413 (6th Cir. 1998).

### III.  ANALYSIS

#### A.  *Specification Agreement*

Gosiger maintains that it does not seek relief under the Specification Agreement and, therefore, the forum selection clause does not apply. However, the Specification Agreement states that it covers "any dispute arising out of or in any way related to this Work Authorization, and the work to be performed and payments due there under." (Doc. 7, Ex. B at 6). Gosiger alleges that while Elliott was "performing maintenance and repair on the Aircraft" Elliott "negligently cut the right hand center wing." (Doc. 2 at ¶¶ 5-6). Further, Gosiger maintains that "Elliott had a duty to exercise reasonable care during the storage and repair of the Aircraft" and that "[d]uring the storage and

---

[2] Private interests include: the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, and other practical problems that make trial of the case easy, expeditions, and inexpensive. *Jamhour*, 211 F.Supp.2d at 945 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955)). Public interests include: docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, judicial economy, and the avoidance of inconsistent judgments. *Id*.

repair…Elliot breached its duty by damaging the Aircraft." (*Id*. at ¶¶ 30-31).  Therefore, Gosiger cannot avoid the Specification Agreement, because it covers all disputes arising from the transaction.

### B. *Forum Selection Clause*

Where parties to a contract have agreed to a certain venue via a forum selection clause, it "should control absent a strong showing that [it] should be set aside." *Wong v. Party Gaming*, 589 F.3d 821, 826 (6th Cir. 2009).  The party opposing the forum selection clause is heavily burdened with showing that the clause should not be enforced. *Id.*  Forum selection clauses are generally upheld where the opposing party fails "to offer any evidence showing that it did not knowingly and willingly consent to the inclusion of the clause in the Agreement." *Preferred Capital, Inc. v. Assocs. of Urology*, 453 F.3d 718, 722 (6th Cir. 2006).[3]

While the Settlement Agreement is silent as to venue, the Specification Agreement indicates that Plaintiff and Defendant considered Iowa to be the proper forum for any dispute arising under their agreements.  As the unequivocal terms of the "Applicable Law" section of the Specification Agreement make clear, Gosiger agreed that the venue for any dispute arising under the Agreement would be an Iowa court.  Gosiger does not make any allegation, much less offer any evidence, that it unknowingly or unwillingly

---

[3] A court must consider the following factors when evaluating the enforceability of a forum selection clause: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the [moving party] to bring suit there would be unjust." *Wong*, 589 F.3d at 828 (citing *Sec. Watch, Inc. v. Sentinel Sys. Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)).

consented to the forum selection clause. Additionally, Plaintiff has not alleged that the Central District of Iowa cannot effectively or fairly handle this suit, or that the Central District of Iowa would be so inconvenient that it would be unjust to proceed in that district. Finally, Plaintiff has not alleged that it was exploited or treated unfairly in the negotiation or execution of the forum selection clause. Therefore, pursuant to *Wong*, enforcement of the forum selection clause should control.

  C. *Other Factors*

In addition to forum selection clause, the Specification Agreement includes an applicable law section, which provides that "[t]he rights and obligations of [Elliott] and [Gosiger] shall be governed and determined by the laws of the State of Iowa." Iowa courts have an interest in interpreting its own laws. In fact, the presence of a choice-of-law clause is sufficient to outweigh Plaintiff's initial choice of forum and is persuasive in this Court's finding that a discretionary transfer pursuant to §1404 (a) is proper. *Exceptional Innovations, LLC v. Kontron Am., Inc.*, 2:07CV-724, 2007 WL 2994642 (S.D. Ohio Oct. 11, 2007).[4]

Gosiger maintains that the Southern District of Ohio is the more convenient forum. Specifically, Gosiger argues that Elliott performed work on the Aircraft in Montgomery County, Ohio. However, Elliott itself did not perform any work on the Aircraft in Ohio. Elliot worked on the Aircraft in Molina, Illinois, which is two and half hours from the Southern District of Iowa, Central Division. (Doc. 6). Elliott's only

---

[4] *Tech-Sonic, Inc. v. Sonics & Materials, Inc.*, 2:12-CV-263, 2012 WL 4343103 (S.D. Ohio Sept. 21, 2012) (plaintiff's choice of forum is entitled to less deference where parties entered into agreement with an applicable law provision and forum selection clause).

7

connection to Ohio is that it had an employee travel to Ohio once to observe maintenance performed by a separate company.  (Doc. 10, Ex. A, ¶7).

Other case-specific factors the Court must consider include the interests of justice and the convenience of the parties and the witnesses.  Gosiger never argued that witnesses would be unable or unwilling to participate in Iowa, nor that proceeding in Iowa would create a significant financial burden, nor that the cost of litigation in Iowa would be prohibitive.  Accordingly, the Court finds that all of the relevant factors weigh strongly in favor of a transfer.

## IV.    CONCLUSION

Accordingly, based on the foregoing, the Court exercises its discretion in the interest of convenience and fairness and **GRANTS** Defendant's Motion to Transfer Venue.  (Doc. 6).  This case is hereby transferred to the United States District Court for the Southern District of Iowa, Central Division, and the Clerk shall act accordingly.

**IT IS SO ORDERED**.

Date:  11/18/13                                         */s/ Timothy S. Black*
                                                        Timothy S. Black
                                                        United States District Judge